UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES | **JUDGMENT** |
| V. | CASE NO. 3:10CR222(RNC) |
| ROBERT RIVERNIDER | USM: 96006-004 |

FILED
2013 DEC 23 A 10: 49
US DISTRICT COURT
HARTFORD CT

Government's Counsel:
John H. Durham
Christopher W. Schmeisser
U.S. Attorney's Office
157 Church Street, 23rd floor
New Haven, Connecticut 06510

Defendant's Counsel:
James W. Bergenn
Shipman & Goodwin
One Constitution Plaza
Hartford, Connecticut 06103-1919

The defendant pleaded guilty to Counts One through Eighteen of the Indictment. Accordingly, the defendant is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Offense Concluded | Counts |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Wire Fraud | April 2008 | 1 & 9 |
| 18 U.S.C. § 1343 | Wire Fraud | April 2008 | 2-8 |
| 18 U.S.C. § 1343 | Wire Fraud | April 2008 | 10-18 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984. The Court imposes a non-Guidelines sentence. A lengthy period of imprisonment is necessary in this case to adequately serve the purposes of a criminal sentence under 18 U.S.C. § 3553 in view of the nature, scope and duration of the fraudulent conduct of the defendant and his co-conspirators, the defendant's role as the leader of the conspiracy, and the extensive harm, both economic and non-economic, that was foreseeably caused to the numerous victims of the defendant's fraudulent schemes, especially the individual victims and their families. The extraordinarily long sentence suggested by U.S.S.G. § 2B1.1 is harsher than necessary, however, because the defendant is a 48 year old first offender with two young children, which makes any period of incarceration particularly punitive for him; he did not set out to cause harm; the harm caused by his fraudulent conduct was greatly increased by the collapse of the real estate market; any financial benefit he derived from the fraudulent schemes was minimal compared to the losses; and although his request for a diminished capacity departure under U.S.S.G. § 5K2.13 has been denied, he does appear to suffer from an untreated mental health condition that is present to an unusual degree and likely was a factor in his offense conduct.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 144 months on each of Counts 1 through 18, all terms to be served concurrently. The defendant will self-surrender to the facility designated by the Bureau of Prisons no later than 11:00 a.m. on January 29, 2014. In the absence of a designation, the defendant will self-surrender to a Bureau of Prisons facility as directed by the United States Marshal for the Southern District of Florida.

**RECOMMENDATIONS TO THE BUREAU OF PRISONS**

The Court recommends to the Bureau of Prisons that the defendant be designated to serve his term of imprisonment at the following facilities in this order of preference: 1) FCI Miami Satellite Camp; 2) FCI Coleman; and 3) FPC Pensecola, FL.

**SUPERVISED RELEASE**

The defendant will be on supervised release for a term of three years on each of Counts 1-8 and 10-13, and five years on each of Counts 9, and 14-18, all terms to run concurrently, subject to the mandatory and standard conditions of supervised release set forth below. In addition, the following special conditions are imposed:

1. The defendant will pay restitution at a rate of $500 per month. Monthly payments will be sent to the Clerk, U.S. District Court, 141 Church Street, New Haven, CT 06510. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the Probation Office and approved by the Court. The defendant will pay restitution in accordance with a restitution order that will be entered in this case at a later date.

2. The defendant will not incur credit card charges of more than $250, open additional lines of credit or incur other indebtedness without the prior permission of the Probation Office.

3. The defendant will provide the Probation Office with any requested financial information.

4. As directed by the Probation Office, the defendant will notify third parties of risks that may be occasioned by his criminal record or personal history and characteristics, and will permit the Probation Office to make such notifications and to confirm the defendant's compliance with this notification requirement.

5. The defendant will participate in a program of mental health evaluation, counseling and treatment under the direction of the Probation Office. The defendant will pay all or part of the costs associated with this treatment based on his ability to pay in an amount to be determined by the Probation Office.

6. The defendant will perform 120 hours of community service under the direction of the Probation Office.

5. The defendant will not possess a firearm or other dangerous weapon.

6. The defendant will avoid all contact with the victims in this case, excluding members of his immediate family, without prior permission of the Probation Office.

## MONETARY PENALTIES

The defendant will pay a special assessment of $100 on each of Counts 1-18 for a total of $1,800.

## RESTITUTION

The defendant will pay restitution in accordance with the restitution order that will be entered in this case.

It is further ordered that the defendant will notify the United States Attorney for this District within 30 days of any change of name, residence or mailing address until the restitution and special assessments imposed by this judgment are paid.

**DATE: December 18, 2013**
Date of Imposition of Sentence

_/s/ Robert N. Chatigny, USDJ_
_____
Robert N. Chatigny, United States District Judge
Date: December 20, 2013

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
Joseph P. Faughnan
United States Marshal

By _____
     Deputy Marshal

**CERTIFIED AS A TRUE COPY
ON THIS DATE _____
Roberta D. Tabora, Clerk
BY: _____
     *Deputy Clerk***

## CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

### MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ■ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ☐ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ■ (7) The defendant shall cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

### STANDARD CONDITIONS

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change of residence or employment; or if such notification is not possible, then within five days after such change;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
14. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons. Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

(Signed) _____     _____
         **Defendant**                                **Date**


         _____     _____
         **U.S. Probation Officer/Designated Witness**        **Date**