LOCAL PROB 12N
(05/15)

# UNITED STATES DISTRICT COURT
## for
## Connecticut

### First Petition for Action Request for Compliance Review Hearing

Name of Offender: Robert Rivernider

Docket Number: 0205 3:10CR00222-001

Sentencing Judicial Officer: Honorable Robert N. Chatigny, Senior United States District Judge

Date of Original Sentence: December 18, 2013

Original Offense:
Count 1: Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349
Counts 2-8 and 10-13: Wire Fraud, in violation of 18 U.S.C. § 1343
Count 9: Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349
Counts 14-18: Wire Fraud, in violation of 18 U.S.C. § 1343.

Original Sentence: 144 months' imprisonment, all terms to be served concurrently; 3 years' supervised release on each of Counts 1-8 and 10-13, and five years on each Counts 9, and 14-18, all terms to run concurrently

Type of Supervision: Supervised Release     Date Supervision Commenced: May 14, 2020

AUSA: Christopher W. Schmeisser     Defense Attorney: Terence S. Ward

☐ **Sentence is for a Violation of TSR**

---

**NONCOMPLIANCE SUMMARY**

The offender has not complied with the following condition(s) of supervision:

| Noncompliance | Nature of Noncompliance |
|---|---|
| Charge # 1 Special | The defendant will pay restitution at a rate of $500 per month. Monthly payments will be sent to the Clerk, U.S. District Court, 141 Church Street, New Haven, CT 06510. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the Probation Office and approved by the Court. The defendant will pay restitution in accordance with a restitution order that will be entered in this case at a later date.<br><br>Mr. Rivernider's special penalty assessment is $1,800 and his restitution was ordered joint and severally in the amount of $22,140,765.9.<br><br>To date, according to the Offender Payment Enhanced Report Access (OPERA), Mr. Rivernider has paid $900 toward his special assessment, which includes his payment history from when he was incarcerated in the Bureau of Prisons (BOP). Since his commencement of supervised release on May 14, 2021, Mr. Rivernider has paid $250, which has been received in the submission of ten payments in the amount of $25. |

| | | |
|---|---|---|
| Charge # 2 Special | | The defendant will not incur credit card charges of more than $250, open additional lines of credit or incur other indebtedness without the prior permission of the Probation Office. |

According to an Equifax report from June 2, 2021, Mr. Rivernider has opened the following lines of credit without obtaining the prior permission from the U.S. Probation Office:

On July 14, 2020, Mr. Rivernider opened a revolving line of credit (credit card) with Capital One Bank USA. To date, Mr. Rivernider's credit limit is $203 and his balance is zero.

On July 21, 2020, Mr. Rivernider opened a revolving line of credit (credit card) with Discover Bank. To date, Mr. Rivernider's credit limit is $1,000 and his balance is $25.

On August 13, 2020, Mr. Rivernider opened a secured installment loan with Atlantic Capital Bank. To date, Mr. Rivernider's balance is $187 and his scheduled payments are $48 per month.

On February 9, 2021, Mr. Rivernider opened a charged account with Synchrony Bank/Sam's Club. To date, Mr. Rivernider's credit limit is $500 and his balance is $23.

On March 28, 2021, Mr. Rivernider opened a revolving line of credit (credit card) with Apple Card - GS Bank. To date, Mr. Rivernider's credit limit is $2,500 and his balance is $642.

On April 5, 2021, Mr. Rivernider opened a revolving line of credit (credit card) with Capital One Bank USA. To date, Mr. Rivernider's credit limit is $2,000 and his balance is $214

On April 9, 2021, Mr. Rivernider opened a revolving charged account with WAWA/CBNA. To date, Mr. Rivernider's credit limit is $200 and his balance is zero.

Charge # 3 Special

The defendant will perform 120 hours of community service under the direction the Probation Office.

The Probation Office in the Middle District of Florida has directed Mr. Rivernider to secure a community service organization and perform community service hours. To date, Mr. Rivernider has not submitted verification that he has secured a community service organization or performed community service hours.

U.S. Probation Officer Action:
The following information was obtained from the U.S. Probation Office in the Middle District of Florida,

where Mr. Rivernider is supervised.

On May 13, 2020, Mr. Rivernider was granted compassionate release.

On May 14, 2020, Mr. Rivernider commenced his term of supervised release in the Middle District of Florida, and he is scheduled to expired on May 13, 2025. Mr. Rivernider originally released to reside with his parents in Wildwood, Florida.

In September 2020, the probation officer directed Mr. Rivernider to submit restitution payments, Mr. Rivernider replied that he did not do anything wrong; he stated that the Government illegally prosecuted him and is now making him pay restitution illegally. Further, Mr. Rivernider was instructed to pay $25 per month month because he was earning a minimal income due to the COVID-19 pandemic.

On June 22, 2020, Mr. Rivernider secured employment with John Coates Equipment & Supplies, LLC, a painting company in Longwood, Florida. However, the company was unable to provide sufficient hours due to lack of business and therefore, Mr. Rivernider quit the position on September 18, 2021. He earned $433 per month while employed for the company.

On September 18, 2020, Mr. Rivernider secured employment with food delivery companies, such as DoorDash, which he held until February 2021. Mr. Rivernider reportedly earned $1,500 per month while employed in this capacity.

On October 13, 2020, Mr. Rivernider was referred for a mental health assessment at Options of Mario County, located in Ocala, Florida. Mr. Rivernider attended his mental health assessment via telehealth on November 25, 2020. Subsequently, the treatment provider determined that treatment was not deemed necessary and noted in their mental health assessment that no formal diagnosis was identified.

In January 2021, Mr. Rivernider was transferred to the administrative caseload as a result of his compliance and low risk to recidivate as determined through his risk assessment. In addition, Mr. Rivernider re-located to reside with his sister and her husband in Wildwood, Florida.

In March 2021, Mr. Rivernider secured employment as a legislative representative for an organization that helps people have a voice on Capitol Hill. He is earning approximately $4,400 per month, which has been verified by the the Probation Office in the Middle District of Florida.

In June 2021, a financial investigation was completed and submitted to the District of Connecticut Financial Litigation Unit (FLU). Accordingly, FLU determined that based upon the defendant's reported income and expenses, he could afford to pay $150 per month toward his restitution. In addition, an Equifax report revealed that Mr. Rivernider opened seven lines of credit without obtaining permission from the probation office. Accordingly, Mr. Rivernider was verbally reprimanded and he advised that he was under the impression that he could not open a credit card with a limit over $500. Mr. Rivernider's special condition was reviewed with him and he agreed to close the accounts.

On August 25, 2021, the probation officer informed Mr. Rivernider that FLU made the determination that his restitution payments should increase to $150 per month. The probation officer proposed for Mr. Rivernider to report to the office to sign a waiver of appearance in court to modify the restitution schedule. However, Mr. Rivernider again claimed the restitution ordered in his case was illegal, he declined to sign the waiver and he requested to return to Court.

On September 2, 2021, Mr. Rivernider submitted a written request to the Probation Office in the Middle District of Florida with defense counsel copied on the letter. The letter writes: "Per your request I am writing to info you that I am not in agreement to the increase in restitution payments. As discussed the court has a pending motion before it arguing that the restitution order is illegal and must be rescinded. I welcome returning to court to resolve the issue. Please advise ASAP when a court date is scheduled so that I may submit a brief to the court on the issue."

U.S. Probation Officer Recommendations:
It is respectfully recommended that the Court issue a Summons compelling Mr. Rivernider to appear before the Court for a Compliance Review Hearing.

Respectfully Submitted:

_____
Kevin DelBiondo
U.S. Probation Officer
Date: _____September 22, 2021_____

☐ Submit a request for modifying the condition or term of supervision

☐ Issue a summons for a compliance review hearing

☐ Submit request for summons for a violation hearing

☐ Submit request for warrant for a violation hearing

☒ Other

Mr. Rivernider's challenge to the restitution order was just denied in a lengthy ruling. See 3:14cv1000, ECF 259 (D. Conn. Sept. 1, 2022). His argument that he had no obligation to pay while his challenge was pending smacks of arrogance - if that's what he thought, why didn't he file a motion to stay the order - but it's probably not frivolous. Similarly, while his explanation for failing to obtain permission before opening the credit card accounts invites skepticism, it's not out of the question. At this point, he is seeking early termination. If that motion is denied, and he continues to refuse to pay restitution, a compliance review hearing will be necessary.

_____
Judicial Officer

_____September 21, 2022_____
Date

[Submit by Email]   [Print]   [Save As...]