UNITED STATES OF AMERICA

DISTRICT OF CONNECTICUT

SEP 18 2023 PM1:07
FILED-USDC-CT-HARTFORD

UNITED STATES

v.                                    Case: 3:10-cv-222

Robert Henry Rivernider
Sui Juris
_____/       September 11, 2023

## MOTION TO DISMISS CASE 3:10-cr-222
## DUE TO FRAUD AND VIOLATIONS OF CONSTITUTIONAL RIGHTS

Comes Now, Petitioner Robert Henry Rivernider, Sui Juris, a living person, moves for dismissal of case 3:10-cr-222 due to massive fraud committed by representatives of the UNITED STATES CORPORATION, acting as the United States government.

### LEGAL STANDARD

**FRAUD VITIATES EVERYTHING IT TOUCHES**. United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93. October Term, 1878. "There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, **and even judgments**." at 11.

The Fifth Amendment of the United States Constitution states in part "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury,.. nor be deprived of life, liberty, or property, without due process of law." Here, Mr. Rivernider, a living person, continues to be deprived of "Liberty and Property" without "due process of law."

**ORAL ARGUMENT DEMANDED**

The Supreme Court instructs a "court has a historical **DUTY** and ***obligation*** to set aside a judgment for fraud on the court" Hazel-Atlas Glass CO v. Harford Empire Co. 322 U.S. 238, 64 S. Ct. 997, 88 L.Ed. 1250 (1944).

## ARGUMENT

On November 4, 2010, representatives of the UNITED STATES CORPORATION, herein referred to as they claim to be the "government," filed a criminal indictment against three individuals in the District Court located in the State of Connecticut.[1] The "Indictment" charged the defendants with eighteen criminal charges. The charges alleged inter alia, that the defendants deceived victims in, what was claimed to be, an investment program, a Real Estate scheme, and conspiracy.

**First**, regarding counts 1-9, at trial in 2013 documents were presented, and testimony confirmed, that the alleged "investment scheme" was in fact a loan program, in which, the defendants were to pay usurious interest rates to the lenders and NOT an "investment scheme" as alleged in the indictment.

This has now been confirmed by the presiding Judge in the case who asked, at a hearing on August 1, 2023, ECF. 836 Pg 35. 5-8:

> Judge Chatigny: " By the way, Mr. Rivernider, I'm just curious, who set the interest rate, so to speak, for the individuals in the "No More Bills" payments? Was it them or was it you?"

---

[1] See U.S. District Court District of Connecticut (New Haven) CRIMINAL DOCKET FOR CASE #: 3:10-cr-00222 @1

Here, the court demonstrates that it is clearly aware that the interest rate the defendants were to pay on the **LOAN PROGRAM** was usurious. Regardless of who set the interest rate, IT WAS IN FACT, USURIOUS, and therefore illegal. Evidence presented at trial showed an interest rate of 10% per month. As previously stated the case was filed in Connecticut with alleged "victims" being located in Connecticut. Under Connecticut law, it is not only a crime to charge usurious rates it is a crime to attempt to collect[2]. The defendants were, in fact, the victims. All those currently involved or previously involved in attempting to collect on the usurious loans are violating Connecticut law, which includes the court. The entire indictment has now been proven to be a fraud and therefore invalid and must be dismissed.

Not only did the indictment fraudulently accuse the defendants of an "investment scheme" the "government" continues to defraud the court by not correcting this fraudulent assertion instead insisting the court enforce and threaten to incarcerate Rivernider if Rivernider fails to conform by paying the "restitution" (extortion) ordered, based on the fraudulent claims made by the "government." Extorting payments to be made under the guise of "restitution" requires Rivernider to be a part of the conspiracy and fraud committed by the "government." The taking of Mr. Rivernider's PROPERTY

---

[2] CHAPTER 673

Sec. 37-2. No recovery after payment. No borrower of money shall be permitted to set off or recover back, by any proceeding in court, any sum of money paid by way of interest, discount or damages, for the detention of money, in excess of the rate of six per cent a year

Sec. 37-4. Loans at greater rate than twelve per cent prohibited. No person and no firm or corporation or agent thereof, other than a pawnbroker as provided in section 21-44, shall, as guarantor or otherwise, directly or indirectly, loan money to any person and, directly or indirectly, charge, demand, accept or make any agreement to receive therefor interest at a rate greater than twelve per cent per annum
Sec. 37-8. Actions not to be brought on prohibited loans. No action shall be brought to recover principal or interest, or any part thereof, on any loan prohibited by sections 37-4, 37-5 and 37-6, or upon any cause arising from the negotiation of such loan.

by threatening to take Mr. Rivernider's LIBERTY when DUE PROCESS was clearly violated, violates Mr. Rivernider's rights under the United States Constitution.

**Second**, violations of DUE PROCESS[3,4] and Conspiracy to Violate the defendant's Constitutional Rights.

Not only did the "government" deceive the grand jury[5] to create the fraudulent indictment, but the "government" continually, throughout this entire process, has bribed and coerced witnesses to commit perjury, under oath, before the court. During the trial, several witnesses were caught lying under oath when subject to cross-examination. For example, the basis for counts 10-18 in the indictment claims the defendants inflated property values. To prove this the "government" bribed Tosha Wade to lie while under oath claiming that the defendants sold the one-bedroom units at the Sterling Residences

---

[3] **18 U.S. Code § 241 - Conspiracy against rights If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.**

[4] **18 U.S. Code § 242 - Deprivation of rights under color of law Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.**

[5] The "government's" star witness to obtain the indictment, Robert Hall, was removed from the trial witness list after Rivernider presented evidence that his grand jury testimony had to be fraudulent, the "government" removed him when they were required to turn over grand jury testimony, knowing Hall committed perjury.

by inflating the price to $220,000. Wade was bribed by the "government" not to have to go to prison if she would lie under oath to help convict the defendants. Despite numerous motions by Rivernider, ignored or denied by this court as frivolous[6], the "government" has never disputed or denied the allegation, or provided evidence that this claim was true. Judge Chatigny knowingly condoned bribing witnesses to commit perjury when sentencing Tosha Wade to one year of supervised release with no prison time. Many other examples of bribed false testimony have been presented to this court which ignored it. Despite the obvious fact that this is the standard operating procedure for the "government" attorneys to secure their 98% conviction rate, get bonuses for convictions, and here, promotions, it still violates the Constitutional Rights of those charged and must be reviewed and dismissed when proven as is the case here.

One major example included the perjured testimony of attorney James W. Bergenn in 2018 at hearings before Judge Chatigny and in written responses[7] to Rivernider's 2255 motion. Not only was the testimony perjurious, knowingly so by all parties, including the "government" and the Judge himself, but they are covering it up and refusing to disclose the evidence in their possession that proves it. A violation of Misprision of a Felony, 18 U.S.C. § 4. Bribing witnesses to commit perjury to get a conviction violates the **due process** clause of the United States Constitution, which as a living person applies to Robert Henry Rivernider and the other defendants who continue to be harmed by this court and the "government".

**Third,** during the hearing on August 1, 2023, Judge Chatigny addressed the issue with certain mortgage lenders the "government" claimed were victims of the defendants

---

[6] See ECF 835 denying 830
[7] ECF 123 Affidavit of Bergenn. Sealed by Judge Chatigny ECF 125

whom the court awarded restitution. ECF. 836, Pg 14. The court refers to the argument that Selene Finance was improperly awarded $285,823.50 in restitution despite the fact that Selene Finance was neither a lender nor a downstream lender. The Second Circuit clearly stated in United States v. Thompson, 792 F.3d 273, 277 (2nd Cir 2015) "Restitution is authorized only for losses that were directly caused by the conduct composing the offense of conviction and only for the victim's actual loss."

The court ignored the facts and the issue, the "government" defrauding the court by adding alleged victims to increase the victim count which increased the potential sentence, The court inexplicably relied on the total restitution awarded and the percentage of the total restitution award, as though any amount presented by "government" agents who committed fraud before the court was reliable. In United States v Tran, 322 F.3d 798 (2nd Cir.2000) the Second Circuit did not refer to a percentage when they stated "improperly ordered restitution constitutes an illegal sentence amounting to plain error." Here, the court issued an illegal sentence.

## CONCLUSION

Based on the foregoing, and because the law demands it, RIvernider moves for dismissal and demands a hearing in case 3:10-cr-222 due to fraud and violations of Robert Henry Rivernider's, a living person, Constitutional Rights.

*[signature]*
Robert Henry Rivernider
Sui Juris
Counsel of Record

## Certificate of Service

The attached motion will be mailed to:

U.S. Attorney's Office
450 Main St
Hartford, CT 06103

*[signature]*

Robert Henry Riverrider
Sui Juris

CC: Robert Frost, ESQ.

Connecticut Bar Association
30 Bank St, New Britain, CT 06051