```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,      :
     Plaintiff,                :
v.                             :    Case No. 3:10-CR-222
ROBERT RIVERNIDER,             :
     DEFENDANT.                :
```

RULING AND ORDER

Defendant's habeas petition has been denied after an evidentiary hearing.  See Rivernider v. United States, No. 3:14-CV-1000(RNC), 2022 WL 4356429 (D. Conn. Sept. 19, 2022).  Now pending is a recently filed motion to dismiss this case, the underlying criminal case, in which the defendant again alleges that his convictions are tainted by fraud on the part of the government.  Accompanying the motion to dismiss is a motion to to recuse, which is the subject of this ruling.

In the recusal motion, defendant claims that I must disqualify myself from acting on the motion to dismiss because I cannot be impartial in view of my long involvement as the judge in both the criminal and habeas cases; I have personal knowledge of events relating to perjury allegedly committed by his former counsel at an evidentiary hearing in the habeas case; and witnesses he plans to call at any hearing on the motion to dismiss committed perjury in prior proceedings before me and their perjury was ignored, condoned and rewarded.

Defendant's assertions do not require – and therefore do not permit – recusal.

Under the governing statute, recusal is required when a judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  The test is an objective one: whether a judge's partiality stemming from an extrajudicial source would cause an objective, disinterested observer fully informed of the underlying facts to entertain significant doubt that justice would be done in the absence of recusal.  See United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008).

Defendant does not point to an extrajudicial source of partiality.  Nor does he attempt to satisfy the standard of objective reasonableness, which his assertions do not satisfy in any event.

Under 28 U.S.C. § 455(b), recusal is required when the judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  Allegations of personal bias or prejudice concerning a party are unavailing if premised on adverse rulings in earlier proceedings, as is the case here with regard to defendant's allegations that I have ignored, condoned and even rewarded perjury.  See In re International Business Machines Corp., 618 F.2d 923, 929 (2d Cir. 1980).  Similarly, under this subsection, a judge's personal knowledge concerning disputed evidentiary facts provides no basis for recusal if it was acquired while performing judicial duties, which is also the case here.  See United States v. Carlton, 534 F.3d at 101.

Accordingly, the motion for recusal is hereby denied.

So ordered this 14th day of November 2023.

```
        /s/ RNC
_____
       Robert N. Chatigny
    United States District Judge
```